IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., <br> *Plaintiff*, <br><br> v. <br><br> MICHAEL K. YOUNG, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF TEXAS A&M UNIVERSITY, <br> *Defendant*. | § § § § § § § § § § § | No. 4:18-CV-01547 |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Michael K. Young, in his official capacity as President of Texas A&M University ("TAMU"), files this Answer to the First Amended Complaint filed by Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA"), Dkt. 17.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation in the First Amended Complaint except those expressly admitted herein. Any headings and numbered paragraphs reproduced below correspond to sections and numbered paragraphs in the First Amended Complaint. Any such titles and headings are reproduced in this Answer are for organizational purposes only. Defendant denies any substantive allegations contained in those headings, and responds to the numbered allegations as follows:

1.    This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, Defendant admits that Michael K. Young serves as President of TAMU. Defendant also admits that Visitor Posts and

comments on TAMU's Facebook page which contain the words "peta" and "lab" are automatically hidden from the page. Defendant further admits that PETA's First Amended Complaint asks for declaratory and injunctive relief, but denies that PETA is entitled to any such relief. Defendant denies the balance of this paragraph.

## Jurisdiction and Venue

2. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, Defendant admits that 28 U.S.C. § 1343(a)(3) grants the Court original jurisdiction to hear a civil action seeking to "redress the deprivation, under color of any State law . . . of any right, privilege or immunity secured by" the United States Constitution or federal law "providing for equal rights of citizens or of all persons within the jurisdiction of the United States," and that 28 U.S.C. § 1331 grants the Court original jurisdiction to hear civil actions arising under federal law. Defendant denies that any violation of law has occurred and denies that PETA has demonstrated the Court's subject matter jurisdiction.

3. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, admits that, as a general matter, 28 U.S.C. §1391(b) addresses the appropriate venue for cases over which this Court may have jurisdiction, including that "[a] civil action may be brought in . . .a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendant denies that any violation of law has occurred.

## Parties

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

5. Admits that Michael K. Young in his official capacity has been sued in this cause, admits that Young serves as President of TAMU, and admits that—in his capacity as President—Young exercises some authority over TAMU policies and practices. Defendant denies, however, that Young has "authority over all TAMU policies and practices, including those challenged here," because this is an incomplete, overbroad allegation. Defendant admits that TAMU is a public research university with its primary location in College Station, Texas, and that some of its scientific research is funded through federal government grants and organizations. Defendant denies the factual allegations in the balance of this paragraph.

## Factual Allegations

6. Admits the first sentence of this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

7. Admits that Facebook has a "Town Hall" feature which, according to the "Help" section of Facebook, "is a place on Facebook for civic discovery and engagement where you can: See the names and contact information of local, state and federal government officials representing you. Contact your government officials directly through Facebook. Connect with your government officials by following them." Admits that a Facebook user "may not see all [their] government representatives. Some representatives may not appear in Town Hall because they're not on Facebook

or haven't entered the political office they hold." Defendant lacks sufficient knowledge or information to admit or deny the allegations in the balance of this paragraph, and on that basis denies them.

8. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

11. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, Defendant lacks sufficient knowledge or information to admit or deny, and on that basis denies them.

12. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, admits that this paragraph cites *Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37 (1983), *Reno v. American Civil Liberties Union*, 521 U.S. 844 (1977), and *Packingham v. North Carolina,* 137 S. Ct. 1730 (2017); contends that these cases speak for themselves, denies any characterization of these cases by PETA, and denies any further factual allegation in this paragraph requiring a response.

13. Admits.

14. As of this filing, admits, but notes that Facebook frequently modifies its

functionality and default settings.

15. As of this filing, admits, but notes that Facebook frequently modifies its functionality and default settings.

16. As of this filing, admits, but notes that Facebook frequently modifies its functionality and default settings.

17. As of this filing, admits, but notes that Facebook frequently modifies its functionality and default settings.

18. Denies that only "organizations" can "manually 'unhide,'" "hide" or "delete individual comments," because this functionality is available to all page administrators. Denies that the information on "Banning and Moderation" reproduced in this paragraph is a complete statement of the information that appears in the Facebook help center, because this section of the help center also includes information about the profanity filter. As of this filing, Defendant admits the balance of this paragraph, but notes that Facebook frequently modifies its functionality and default settings.

19. Admits.

20. Denies that "Visitor Posts" are not limited to "campus related news," and denies this paragraph insofar as it contemplates posts in violation of TAMU's social media policy. As of this filing, as a general matter, Defendant admits the balance of this paragraph, but notes that Facebook frequently modifies its functionality and default settings.

21. Denies that the image reproduced in this paragraph is what the TAMU Facebook Home page currently looks like. The TAMU Facebook Home page can be

accessed at https://www.facebook.com/tamu/.

22.     Denies that the image reproduced in this paragraph is what the TAMU Facebook Posts page currently looks like. The TAMU Facebook Home page can be accessed at https://www.facebook.com/pg/tamu/posts/.

23.     Admits that the post pictured appears to be a visitor post, but because it is undated, lacks sufficient knowledge or information to admit or deny its authenticity, and on that basis denies them.

24.     This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any allegation of fact requiring a response, Defendant admits that Facebook users may engage with Visitor Posts by reacting to them and/or commenting on them, admits that comments on TAMU's posts and Visitor Posts sometimes include discussion of TAMU decisions, admits that TAMU posted about a residential program for students on the autism spectrum on March 28, 2018, and admits that the comment reproduced in this paragraph was posted below that post. Defendant admits that the Reveille post and comment reproduced in this paragraph have the appearance of a genuine post and comment, but because they are undated, lacks sufficient knowledge or information to admit or deny their authenticity, and on that basis denies them. Defendant lacks sufficient knowledge or information to admit or deny what Facebook's algorithm uses to determine "top" comments, and on that basis denies Plaintiff's assertion that this is based on "relevance and popularity." Defendant denies any remaining factual allegation in this paragraph requiring a response.

25.     Admits that TAMU has a social media policy available online at

https://www.tamus.edu/marcomm/socialmedia/public/. Defendant denies that this policy is completely or accurately reproduced in this paragraph because this paragraph only reproduces the section of the policy titled "Moderation," omits the entire first paragraph of that section, the first bullet point is missing the words "that governs the social media sites," and the seventh bullet point is missing the words "or any entity or individual." To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

26. Admits that Chapter 552 of the Texas Public Information Act is state law, and contends that this law speaks for itself as to what it requires. Also admits that—according to its social media policy—"[p]ostings from the public on A&M System or its members' social media sites become public record and may be shared on A&M System websites" and "[t]his information may be subject to public information requests." Denies that "[a]ccording to its social media policy, documents related to the TAMU Facebook Page are subject to Texas's Public Information Act" as an overly broad assertion. Denies that, as a general matter, all "comments posted to its Facebook Page are communications to the University, and thus the state government." Denies this paragraph in all other respects.

27. Admits that on July 19, 2017 the post reproduced in this paragraph appeared on its Facebook page under "Posts," and that it discussed research conducted by TAMU, in association with the MD Anderson Cancer Center. Admits that the comments reproduced in this paragraph—as well as other comments not reproduced in this paragraph—appeared in the "comments" section of this post. The balance of this paragraph contains assertions of law, conclusory statements, and/or

7

argument, which do not require a response. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

28. Admits that the general public, including current students, prospective students, alumni, and "non-affiliated persons still interested in the University" are allowed to post in the "Visitor Posts" section of TAMU's page, pursuant to the University's social media policy. Admits that local businesses are permitted to post in the "Visitor Posts" section of TAMU's page, but denies this paragraph insofar as it suggests that such posts are not subject to TAMU's social media policy, which contemplates removal of user-generated posts that "advertise[] or promote[] a non-affiliated commercial product or service, or any entity or individual." Denies that TAMU's Facebook page exists "generally as a forum for the open expression of ideas" without limitation. The balance of this paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

29. Admits that the post reproduced in this paragraph appeared in the "Visitor Posts" section of TAMU's Facebook page and contends that the post speaks for itself as to its content. Defendant lacks sufficient knowledge or information to admit or deny this paragraph's allegations regarding the content of the film or the reasons the post mentions Reveille, and on that basis denies them. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

30. Admits that the post reproduced in this paragraph appeared in the "Visitor Posts" section of TAMU's Facebook page, and contends that the post speaks

for itself as to its content. The balance of this paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

31. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

32. Admits that TAMU operates a laboratory that receives federal funding where researchers study therapies for Duchenne Muscular Dystrophy ("DMD") in canines with the disease. Denies that the canines at this laboratory are mistreated, and denies that TAMU breeds any of the animals used in its DMD research. Defendant lacks sufficient knowledge or information to form a belief about the source and nature of PETA's information about TAMU's DMD research, and on that basis denies the balance of this paragraph.

33. Admits, but denies that this paragraph is a complete statement of PETA's campaign against TAMU and its DMD research.

34. Admits that PETA has livestreamed its protests of TAMU events over Twitter. Defendant lacks sufficient knowledge or information admit or deny the allegations in the balance of this paragraph, and on that basis denies them.

35. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on that basis denies them.

36. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on that basis denies them.

9

37. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in this paragraph, and on that basis denies them.

38. Admits that on January 19, 2018, PETA submitted a request to open-records@tamu.edu, and that Exhibit C to PETA's First Amended Complaint, Dkt. 17-3, is a copy of that request. Admits that Exhibit B to PETA's Amended Complaint, Dkt. 17-2, was provided in response to that request, as was the correspondence at Dkt. 17-4. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in the balance of this paragraph, and on that basis denies them.

39. Admits that Dkt. 17-2 was produced in response to PETA's public information act request, and contends that Dkt. 17-2 speaks for itself. Defendant denies any further factual allegation in this paragraph.

40. Admits the first and second sentences of this paragraph. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in the balance of this paragraph, and on that basis denies them.

41. Denies.

42. Denies that "TAMU's automatic filter blocks" Facebook users from "criticiz[ing] . . . animal testing." Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in the balance of this paragraph, and on that basis denies them.

43. Admits that TAMU has manually hidden PETA-generated posts from its Facebook page when those posts violated the University's social media policy. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations in the second and third sentences of this paragraph, and on that basis

10

denies them.

44. Admits that Visitor Posts containing words TAMU has selected are automatically hidden from the University's Facebook page, but denies that the First Amended Complaint provides an accurate list of those words.

45. Admits that Visitor Posts containing words TAMU has selected are automatically hidden from the University's Facebook page. Denies that the First Amended Complaint provides an accurate list of those words, denies that all visitor posts and comments critical of TAMU's DMD research involving canines are excluded from TAMU's page, and denies this paragraph in all other respects.

46. Admits that posts containing the word "PETA" are automatically hidden from the Visitor Posts and comments sections of TAMU's Facebook page. Defendant lacks sufficient knowledge or information to admit or deny the factual allegations related to "a video of a woman named Pascalline," and on that basis denies them. Defendant denies the balance of this paragraph.

47. Denies.

48. Denies.

49. Denies.

50. Denies.

51. Because *The Battalion* is a student-run newspaper, Defendant lacks sufficient knowledge or information to admit or deny the allegations in this paragraph, and on that basis denies them.

52. Admits.

### Cause of Action

53. Defendant repeats and reaffirms the answers to each allegation in the paragraphs above and incorporates the same herein as though fully set forth.

54. This paragraph contains assertions of law, conclusory statements, and/or argument, which do not require a response. To the extent that this paragraph contains any additional allegation of fact requiring a response, denies.

### ASSERTION OF AFFIRMATIVE DEFENSES

1. Defendant asserts the defense of Eleventh Amendment immunity to all claims to which it applies.

2. Defendant asserts the defense of sovereign immunity to all claims to which it applies.

3. Defendant asserts that PETA lacks standing.

4. Defendant asserts that the Court lacks subject-matter jurisdiction.

5. Defendant asserts that PETA has failed plead facts sufficient to state a claim upon which relief may be granted.

6. Defendant asserts that PETA is equitably estopped from recovering in this suit.

7. Defendant reserves the right to add additional affirmative defenses as they become known.

### DEFENDANT'S PRAYER

Defendant respectfully prays that Plaintiff take nothing by any of his claims, that Defendant recover its costs, and that Defendant be awarded any additional relief to which it shows itself entitled.

        Respectfully submitted,

        KEN PAXTON
        Attorney General of Texas

        JEFFREY C. MATEER
        First Assistant Attorney General

        BRANTLEY STARR
        Deputy First Assistant Attorney General

        JAMES E. DAVIS
        Deputy Attorney General for Civil Litigation

        DAVID A. TALBOT, JR.
        Acting Chief- General Litigation Division

        <u>/s/Anne Marie Mackin</u>
        ANNE MARIE MACKIN
        Texas Bar No. 24078898
        Assistant Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 475-4074
        (512) 320-0667 FAX
        anna.mackin@oag.texas.gov

        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on September 24, 2018 the foregoing document was filed via the Court's CM/ECF system, causing electronic service upon all counsel of record.

        <u>/s/Anne Marie Mackin</u>
        Anne Marie Mackin
        Assistant Attorney General