UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>MICHAEL K. YOUNG, in his official capacity as President of Texas A&M University,<br><br>                Defendant. | Civil Action No. 4:18-cv-01547<br><br>Hon. Judge Hughes |

### PLAINTIFF'S PROPOSED DISCOVERY PLAN

Plaintiff, by its counsel, pursuant to the Federal Rules of Civil Procedure, the Local Rules of the U.S. Court for the Southern District of Texas, this Court's instructions at the appearance on September 10, 2018, and this Court's Management Order of September 10, 2018, respectfully submits this proposed discovery plan.

    1.    Plaintiff respectfully seeks leave to serve the interrogatories attached hereto as Exhibit A, and the document requests attached hereto as Exhibit B. These discovery requests focus on the two principal factual issues in this case: first, the forum status of the interactive spaces (comments and visitor posts) in Texas A&M's Facebook page; and second, whether Texas A&M has engaged in content or viewpoint discrimination against PETA by means of automatic filtering and manual removal of PETA content from A&M's Facebook page.

    2.    After defendant responds to these requests, plaintiff may wish to take additional focused discovery. This will depend in large part on how defendant responds to these requests,

what discovery defendant seeks from plaintiff, and whether the parties are able to agree to stipulations or supplemental declarations. The additional focused discovery that plaintiff may wish to take may include a Rule 30(b)(6) deposition, another one or two depositions of A&M witnesses, follow-up interrogatories and document requests, and requests for admission.

3. Attached hereto as Exhibit C is plaintiff's identification of three PETA employees who are most knowledgeable about the facts of this case.

4. Plaintiff moves this Court to rule admissible the Facebook statements on Facebook's webpage about how Facebook works, as evidence of how Facebook works. These statements fall within the "residual" hearsay exceptions of Federal Rule of Evidence 807.

    a. By way of example, Facebook's webpage includes a Help Center that explains how Facebook works. *See* https://www.facebook.com/help/.

    b. These Facebook statements have "equivalent circumstantial guarantees of trustworthiness." *See* FRE 807(1). Specifically, they are Facebook's public-facing explanation of how its site works.

    c. These Facebook statements are "offered as evidence of a material fact." *See* FRE 807(2). Specifically, plaintiff seeks to offer them as evidence of how Facebook works.

    d. These Facebook statements are "more probative on the point for which [they] are offered [that is, how Facebook works] than any other evidence that the proponent can obtain through reasonable efforts." *See* FRE 807(3). Alternative methods of proving how Facebook works include (i) third-party discovery to Facebook, and (ii) testimony of an expert on how Facebook works. These alternative methods would not be "more probative" regarding how Facebook works, compared to Facebook's public-facing explanations of how Facebook works. And use of these alternative methods would consume much more of the time and resources of the

2

parties and this Court, as well as the time and resources of Facebook or an expert witness, compared to relying on Facebook's public-facing statements.

   e. Admission of these Facebook statements "will best serve the purpose of these rules and the interests of justice." *See* FRE 807(4). As explained, admission of Facebook's own published statements of how Facebook works is an economical and accurate way to prove how Facebook works.

   f. Plaintiff seeks a ruling now on this admissibility issue, because if these Facebook statements are not admissible to prove how Facebook works, then plaintiff will need to promptly seek alternative methods to prove this, and both parties may wish to explore such alternative methods during discovery.

   g. To be clear, plaintiff is not now seeking a finding of fact on how Facebook works, or a ruling that Facebook's public-facing statements are the best evidence of how Facebook works, or that other evidence of how Facebook works is not admissible. Rather, plaintiff only seeks a ruling that these Facebook statements are admissible.

   h. Defendant does not oppose this requested admissibility ruling.

## Conclusion

For the reasons above, plaintiff moves this Court:

(1) to authorize plaintiff to serve on defendant the interrogatories and document requests attached hereto as Exhibits A and B;

(2) to authorize plaintiff to take the additional focused discovery set forth above in paragraph 2; and

(3) to rule that Facebook statements on Facebook's webpage about how Facebook works are admissible to prove how Facebook works.

DATED: September 28, 2018

*/s/ David Greene*
DAVID GREENE*
*Attorney-in-Charge for Plaintiff*
California Bar No. 160107
ADAM SCHWARTZ*
California Bar No. 309491
CAMILLE FISCHER*
Maryland Bar No. 201612130192
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415.436.9333 telephone
415.436.9993 facsimile
davidg@eff.org

*Admitted *pro hac vice*

Respectfully submitted by:

GABRIEL WALTERS*
District of Columbia Bar No. 1019272
PETA Foundation
1536 16th Street NW
Washington, DC 20036
202.483.7382 telephone
gabew@petaf.org

CHRISTOPHER ROTHFELDER
Texas Bar No. 2408470
Southern District No. 2449594
Rothfelder & Falick, L.L.P.
1201 Louisiana St., Suite 550
Houston, TX 77002
713.220.2288 telephone
crothfelder@rothfelderfalick.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was sent via electronic delivery to counsel of record in the case on September 28, 2018.

Anne Marie Macklin
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
anna.mackin@oag.texas.gov

*/s/ David Greene*
David Greene

4